ACTION of trespass quare clausum fregit. In opening the trial of the case the counsel for the plaintiff, after proving a written agreement between the plaintiff and defendant, dated March 28, 1864, to refer to three referees — naming them — to settle disputed land boundaries between the parties to it, and who had made their report and award under it on the 15th day of April following, fixing a boundary line between their lands pursuant thereto, and then offered the same in evidence to the jury.
Valandingham for the defendant. We have long had a statute which provides the particular mode prescribed in it, and which is the only method known to our laws and practice, of fixing and establishing boundary lines between adjoining land owners without the formal exchange of deeds of conveyance between them to pass the legal title from the one to the other for the land on their respective sides of the boundary. Rev. *Page 564 
Code, 282, 283, § 2, and which duly provides, further, for the formal recording of such a proceeding in the office of the recorder of deeds of the county, and he therefore objected to the admissibility of this agreement in evidence.
The Court overruled the objection.
And the plaintiff then called as a witness and proved by one of the referees under it, where they fixed the boundary line pursuant to it in 1864, and also a chain of legal paper title to the land in dispute by sundry deeds of conveyance under which he claimed to own and hold it, and the lines which included it, together with repeated acts of ownership exercised by him over it, such as cutting wood upon it and taking away wood from it after it had been cut upon it by the defendant. But the later produced in evidence no deed or other paper title to it or to the land admitted to belong to him on the other side of the boundary line of it.
When the plaintiff closed his evidence the counsel submitted a motion for a nonsuit on the following grounds: 1. That the agreement to refer contained the stipulation that the referees should furnish each party with a copy of their award, but none was ever furnished to the defendant. 2. That each party was to become bound to the other in a penal sum for the faithful performance of the agreement and award, but they were never executed. 3. That there is no evidence that Jacquett, under whom the claims incepted since the agreement and award, ever was in possession of the land in question under the award, or ever had any deed to it, or ever acquired any actual or exclusive possession of the premises in dispute, or that the plaintiff ever acquired such an exclusive possession after him with the defendant's acquiescene as will enable him to maintain this action. Clark v. Hill., 1 Harr., 335. His only remedy would have been upon the bond of the other party stipulated in the agreement for the faithful performance of it and the award by the parties respectively, had it been executed, as was intended when it was entered into; and he cannot complain if, by his own *Page 565 
neglect or the neglect of a prior party under whom he claims title by purchase, he is now left without any remedy for a breach of them.
Spruance for the plaintiff. We have shown by deeds produced in evidence that the plaintiff has the legal title to all the land in dispute, and is in the possession of it and has exercised acts of ownership over it; and we have thus produced independent of the agreement and award, and wholly outside of them, sufficient evidence, not only to go to the jury as the case now stands before the court on the proof, but enough to clearly entitle the plaintiff to the verdict of the jury, if no evidence should be adduced to the contrary on the other side.
The Court here stopped Mr. Spruance and overruled the motion for a nonsuit upon that ground.
The Court,
This is an action of trespass quare clausem fregit, or for trespass upon land, in which the legal title to it may become involved, but never as against a mere wrong-doer when the plaintiff is in the actual and exclusive possession of it. And when it appears that the parties, plaintiff and defendant in such an action, are in what is termed mixed possession of the land in dispute, as where it is woodland and both cut wood upon it and take it away for their respective uses, and the place where this is done is within the known metes and bounds of either of them, the law adjudges it to be the land and in the possession of the one within whose boundary lines it lies. And a dividing boundary line may be fixed and established by mutual consent and the act of the parties between them, and so long as they and those claiming under them respectively continue to hold and divide the possession of it by such boundary line, it will as to the possession of it continue in force and operation between them. There has been no plea of the act of limitations pleaded in the action, and therefore the time when it accrued cannot be material. The agreement in writing and the award of the referee under it in evidence *Page 566 
before the jury did not operate like a deed of conveyance to give a legal title to the plaintiff, or to Jacquett under whom he claims, to the land in dispute up to the boundary line fixed by them, but it did establish the line by the mutual act and express consent and executed contract of the parties to it, as the boundary or division line between them of the land in dispute, and it could not be avoided without, at least, going into a court of chancery for that purpose, if indeed, there was any ground whatever for that.
The plaintiff had a verdict for eighteen dollars.